IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JOVON JOHNSON, | Case No. 4:24-cv-0949-SAL |
| Plaintiff, | |
| v. | **ORDER** |
| SPARTANBURG MUNICIPAL, S.C.D.F. DEPUTY D. WALKER, and S.C.D.F. SARGENT ATKINS,[1] | |
| Defendants. | |

Plaintiff Jovon Johnson ("Plaintiff"), proceeding pro se, filed this action under 42 U.S.C. § 1983 alleging various violations of his constitutional rights. *See* ECF No. 1. This matter is before the court on two Reports and Recommendations (the "Reports") issued by United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1)(A)–(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), recommending Plaintiff's claims be dismissed for failure to prosecute. [ECF Nos. 34 & 50.] Attached to each Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. [ECF Nos. 34-1 & 50-1.] Plaintiff filed no objections, and the time for doing so has expired.

### I.   Background

#### A.   The First Report

On October 8, 2024, Defendant Spartanburg Municipal (the "City") moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. [ECF No. 25.] Since

---

[1] The court retains the word "Sargent" in the caption, as that is how it appears in previous captions and elsewhere on the docket, but the body of this order will use the correct spelling, "Sergeant."

1

Plaintiff is proceeding pro se, the court issued a *Roseboro* Order advising him that a failure to respond to the City's motion could result in the motion being granted and his claims dismissed. [ECF No. 31.] Plaintiff failed to respond to the City's motion, but the *Roseboro* Order was returned to the court as undeliverable, with the notation "not in jail." *See* ECF No. 33. So, Plaintiff never received the *Roseboro* Order warning him of the consequences of failing to respond to a motion to dismiss.

Nevertheless, on December 12, 2024, the magistrate judge issued a Report and Recommendation (the "First Report") recommending that Plaintiff's claims against the City be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). [ECF No. 34.] Despite the *Roseboro* Order being returned as undeliverable, the magistrate judge explained:

> Plaintiff was previously ordered on two occasions "to always keep the Clerk of Court advised **in writing** . . . if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with the Order, you fail to meet a deadline set by this court, **your case may be dismissed for violating this Order**."

*Id.* at 2–3 (quoting ECF Nos. 12 & 17) (emphasis in original). Since those prior orders, ECF Nos. 12 & 17, were not returned as undeliverable, the magistrate judge found Plaintiff's failure to respond was caused solely by his own neglect. *Id.* Accordingly, the magistrate judge concluded that Plaintiff abandoned his claims against the City and recommended that those claims be dismissed.

### B.    The Second Report

On February 25, 2025, Defendants S.C.D.F. Deputy D. Walker and S.C.D.F. Sergeant Atkins (the "SCDF Defendants") moved for summary judgment. [ECF No. 44.] Two days later, the court issued a *Roseboro* Order advising Plaintiff that failure to respond to the SCDF Defendants' motion could result in the motion being granted and his claims dismissed. [ECF No.

2

45.] Again, Plaintiff filed no response and the *Roseboro* Order was returned as undeliverable. *See* ECF No. 49.

On April 8, 2025, the magistrate judge issued another Report and Recommendation (the "Second Report") recommending that Plaintiff's claims against the SCDF Defendants be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). [ECF No. 50.] The magistrate judge emphasized, as he did in the First Report, that Plaintiff had been previously warned on two separate occasions of the importance of maintaining a current address with the Clerk of Court. *See id.* at 2–3. Because Plaintiff's failure to respond was caused solely by his own neglect, the magistrate judge recommended that his claims against the SCDF Defendants be dismissed. *Id.*

## II.    Legal Standards

### A.    Review of a Magistrate Judge's Report

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Reports that have been specifically objected to, and the court may accept, reject, or modify the Reports, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Reports and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

**B.    Rule 41(b)**

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). The Fourth Circuit has established four factors courts must consider in determining whether dismissal is appropriate under Rule 41(b): (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978).

The Fourth Circuit has subsequently explained that "the four factors . . . are not a rigid four-pronged test." *Ballard*, 882 F.2d at 95. Instead, "the propriety of a dismissal . . . depends on the particular circumstances of the case," including the warnings and directions of a magistrate judge. *See id.* ("Here, we think the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse.").

**III.    Discussion**

As of the date of this order, Plaintiff has filed no response to the City's motion to dismiss, ECF No. 25, or the SCDF Defendants' motion for summary judgment, ECF No. 44. Likewise, Plaintiff has filed no objections to the First or Second Reports, ECF Nos. 34 & 50. Plaintiff's lack of response indicates his intent not to prosecute and subjects this case to dismissal. *See* Fed. R.

4

Civ. P. 41(b); *Ballard*, 882 F.2d at 95; *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (court may dismiss *sua sponte*). Therefore, the magistrate judge properly recommends dismissal under Rule 41(b).

## CONCLUSION

After reviewing the Reports, the applicable law, and the record of this case in accordance with the above standards, the court finds no clear error and adopts both Reports, ECF Nos. 34 & 50, and incorporates them by reference herein. As a result, this matter is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

May 15, 2025
Columbia, South Carolina

Sherri A. Lydon
United States District Judge